IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JERRY W. THACKER,
    Plaintiff,

vs.                                      Case No. 3:06cv57/MCR/EMT

STATE OF FLORIDA, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

    This cause is before the court on Plaintiff's fourth amended complaint filed pursuant to 42 U.S.C. § 1983 (Doc. 27). Leave to proceed in forma pauperis has been granted (Doc. 5).

    Because Plaintiff is proceeding in forma pauperis, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1833, 104 L. Ed. 2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *id.,* 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 1733, 118 L. Ed. 2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. Brown v. Budget Rent-A-Car Systems, Inc., 119 F.3d 922, 923 (11th Cir. 1997). Upon review of the complaint, this court concludes that dismissal of Plaintiff's claims is warranted.

Page 2 of 6

Plaintiff names three Defendants in this action, the State of Florida, Sergeant Van Simms, and Officer Jim Carey (Doc. 27 at 1). Plaintiff alleges that on February 8, 2004, he was stopped by Defendants Van Simms and Carey, officers with the Walton County Sheriff's Department, for allegedly launching a deadly missile (*id.* at 3). Plaintiff states that he spoke with Defendant Van Sims, but did not speak with Defendant Carey (*id.*). Plaintiff alleges that the officers wrote a police report that contained the following false information: (1) Plaintiff stated that he shot a truck driver with a rock because the truck driver "cut [him] off" and Plaintiff had to "teach him a lesson," and (2) both officers heard this statement from Plaintiff (*id.*). Plaintiff denies that he made the statement, and he denies that Defendant Carey overheard it (*id.*). Plaintiff alleges that he was arrested and imprisoned for forty-five days (Doc. 19, attached complaint ¶ 10). Plaintiff asserts that the officers discriminated against him because he is not a resident of Florida (Doc. 19 at 3 ¶ 3). Plaintiff states that as a result of the intentional misconduct by the officers, he was charged with launching a deadly missile in violation of Florida Statutes section 790.19 (*id.*). On March 15, 2004, Plaintiff pleaded nolo contendere to the charge and was sentenced to three years probation (*id.*). The court also imposed fines (*id.*). On April 8, 2005, Plaintiff sought early termination of his probation, but the request was denied (*id.*). Plaintiff's probation is scheduled to terminate on March 15, 2007 (*id.*).

Plaintiff states that upon discovering the officers' false statements, he sought to have the officers' alleged perjury investigated (*id.*). He attempted to raise the issue with the trial court, but the trial court refused to allow Plaintiff to address it (*id.*). Additionally, Plaintiff contacted state officials, including the Florida Department of Law Enforcement and Governor Bush, but they neglected to investigate the matter (*id.*).

Plaintiff claims that Defendants Van Simms and Carey violated his procedural due process and equal protection rights guaranteed by the Constitution by intentionally including false information in their police report (*id.* at 3, 4). He claims that Defendants Van Simms and Carey also violated several federal criminal statutes, including 18 U.S.C. § 1621 (intentional acts of perjury), 18 U.S.C. § 1503 (obstruction of justice), 18 U.S.C. § 371 (conspiracy to defraud the United States), 18 U.S.C. § 1510 (obstruction of a criminal investigation), and 18 U.S.C. § 242 (deprivation of rights under color of law) (*id.* at 4). Plaintiff claims that the State of Florida violated 42 U.S.C. § 407 (prohibition on the assignment of future Social Security benefits) and 18 U.S.C. § 1621 by

virtue of the prosecutor's intentionally using perjured information to secure a conviction (*id.*). He additionally seeks to hold the State liable for depriving him of his funds (apparently, Social Security benefits is one source), false arrest, false imprisonment, and failure to investigate the alleged fraud by Defendants Van Simms and Carey (*id.*). Plaintiff seeks to have this court issue warrants for the arrest of Defendants Van Simms and Carey, as well as the truck driver involved in the incident (*id.*).

As Plaintiff was advised in a previous order to amend, the State of Florida is not a proper party to this proceeding. It is well established that a state is not a person within the meaning of 42 U.S.C. § 1983. Will v. Michigan Dep't. of State Police, 491 U.S. 58, 64, 109 S. Ct. 2304, 2308, 105 L. Ed. 2d 45 (1989). Therefore, Plaintiff's claims against the State of Florida should be dismissed.

Additionally, Plaintiff's claim that his rights were violated by the state officials' failure to investigate and prosecute the officers' alleged perjury is not actionable. Plaintiff has no constitutional right to pursue a criminal action against Defendants Van Simms and Carey because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *See* Linda R.S. v. Richard D., 410 U.S. 614, 619, 93 S. Ct. 1146, 1149, 35 L. Ed. 2d 536 (1973); *see also* Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) (a private citizen has no authority to initiate a criminal prosecution); Sattler v. Johnson, 857 F.2d 224, 226-27 (4th Cir. 1988) (private citizen has no constitutional right to have other citizens, including state actors, criminally prosecuted). Furthermore, a public official or agency has no affirmative constitutional duty to a member of the public to investigate or intervene on an alleged crime. Gomez v. Whitney, 757 F.2d 1005, 1006 (9th Cir. 1985) (claim that police violated due process by failing to conduct adequate investigation into violent incident between two citizens failed to state civil rights claim unless there was another recognized constitutional right involved); Beard v. O'Neal, 728 F.2d 894, 899 (7th Cir. 1984).

Plaintiff's equal protection claim should also be dismissed. The Equal Protection Clause requires that the government treat similarly situated people in a similar manner. *See* City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439, 105 S. Ct. 3249, 3254, 87 L. Ed. 2d 313 (1985). In order to establish an equal protection claim, Plaintiff must demonstrate that (1) he is similarly situated with other persons who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest, such as race, gender,

or religion. *See* Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001). Thus, in order to assert a viable equal protection claim, Plaintiff must first make a threshold showing that he was treated differently from others who were similarly situated to him. *See* Nordlinger v. Hahn, 505 U.S. 1, 112 S. Ct. 2326, 2331, 120 L. Ed. 2d 1 (1992); Hendking v. Smith, 781 F.2d 850 (11th Cir. 1986). Plaintiff must also allege Defendants acted with the intent to discriminate against him. *See* McClesky v. Kemp, 481 U.S. 279, 292, 107 S. Ct. 1756, 1767, 95 L. Ed. 2d 262 (1987); E & T Realty v. Strickland, 830 F.2d 1107, 1113 (11th Cir. 1987). Conclusory allegations or assertions of personal belief of disparate treatment or discriminatory intent are insufficient. GJR Investments, Inc. v. County of Escambia, 132 F.3d 1359, 1367-68 (11th Cir. 1998); Coon v. Georgia Pacific Corp., 829 F.2d 1563, 1569 (11th Cir. 1987).

In the instant case, Plaintiff does not allege, nor do the facts suggest, that he was treated differently from other persons who were similarly situated to him, or that Defendants intended to discriminate against him on account of his race, gender, religion, or other constitutionally protected interest. Thus, his equal protection claim should be dismissed.

Furthermore, because Plaintiff has failed to state an equal protection claim, he cannot maintain an action for conspiracy under 42 U.S.C. § 1985. Section 1985(3) provides a cause of action for a conspiracy to deprive "any person or class of persons of the equal protection of laws." 42 U.S.C. § 1985(3). The Eleventh Circuit has stated that § 1985(3) protects two types of classes: (1) "those kinds of classes offered special protection under the equal protection clause, and (2) classes that Congress was trying to protect when it enacted the Ku Klux Klan Act." Childree v. UAP/GA AG CHEM, Inc., 92 F.3d 1140, 1147 (11th Cir. 1996). In the instant case, Plaintiff does not allege that he is a member of a protected class under section 1985(3). Therefore, his conspiracy claim should be dismissed. *See* Farese v. Scherer, 342 F.3d 1223, 1229 n.7 (11th Cir. 2003).

Plaintiff's claims that Defendants Van Simms and Carey violated several federal criminal statutes should also be dismissed as those statutes do not create a private right of action. *See* Rockefeller v. United States Court of Appeals Office, for Tenth Circuit Judges, 248 F. Supp. 2d 17 (D.D.C. 2003) (there is no private right of action under federal criminal statutes, proscribing deprivation of rights under color of law); Figueroa v. Clark, 810 F. Supp. 613 (E.D. Pa. 1992) (statutes establishing criminal liability for certain deprivations of civil rights do not give rise to civil

cause of action); Powell v. Kopman, 511 F. Supp. 700 (S.D.N.Y. 1981) (section 242, which is the criminal analogue to section 1983, does not create a private right of action); Purk v. United States, 747 F. Supp. 1243 (S.D. Ohio 1989) (same).

Finally, Plaintiff's claims of constitutional violations arising from Defendants Van Simms and Carey's falsifying information in their police report must be dismissed. Initially, as discussed *supra*, Plaintiff is not entitled to the relief he seeks, specifically, the issuance of arrest warrants for Defendants Van Simms and Carey, as well as the truck driver involved in the incident which led to Plaintiff's arrest. Additionally, to the extent Plaintiff seeks monetary damages for his allegedly false arrest and imprisonment, his claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372, 129 L. Ed. 2d 383 (1994). In Heck, the Supreme Court stated:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. at 486-87. As a preliminary matter, Plaintiff is able to pursue a federal habeas petition because he is still in custody by virtue of the fact that he remains on probation. Additionally, Plaintiff's claim directly undercuts the validity of the judgment of conviction and three-year probationary sentence he received. The factual basis for his § 1983 claim is that the arresting officers intentionally falsified their police report to state that Plaintiff stated he shot a truck driver with a rock because the driver cut him off, and Plaintiff had to teach him a lesson. Plaintiff claims that the officers' false statements caused him to be charged with and convicted of launching a deadly missile. The trial court found that a sufficient factual basis for the charge existed, convicted Plaintiff of the charge, and sentenced him to three years probation. Therefore, Plaintiff's claim, if successful, would completely invalidate the basis for his conviction without first having had a "favorable termination" as required under Heck. The relief sought by Plaintiff goes directly to his

innocence of the criminal violation that landed him in jail. Accordingly, the Heck bar applies to Plaintiff's claims against Defendants Van Simms and Carey for constitutional violations resulting from their falsifying information in their police report. *See* Vickers v. Donahue, 137 Fed. Appx. 285 (11th Cir. 2005).

Accordingly it is respectfully **RECOMMENDED**:

1. That Plaintiff's constitutional claims against Defendants Van Simms and Carey for falsifying information in their police report be **DISMISSED** without prejudice to Plaintiff's refiling the claims with proof that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

2. That Plaintiff's remaining claims be **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 29th day of June 2006.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* **28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**